UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARYLAND KYER,

     Plaintiff,

v.                                                    CASE NO.  8:07-cv-1824-T-23-TBM

TEEN CHALLENGE OF
FLORIDA, INC., et al.,

     Defendants.

_____/

**ORDER**

The plaintiff sues the defendants, Teen Challenge of Florida, Inc., ("Teen Challenge") and Jennifer Asbury ("Asbury"), for failing to pay the plaintiff overtime wages in violation of the Fair Labor Standards Act ("FLSA").  The defendants move (Doc. 11) to compel arbitration and stay the proceeding.  The plaintiff responds (Doc. 12) in opposition.

The plaintiff formerly worked as a kitchen aide for Teen Challenge, the operator of a home for troubled teenagers in Lakeland, Florida.  (Doc. 1 at ¶¶ 4-5; Doc. 11 at 2) The defendants state that in May, 2003, the plaintiff executed a Christian Conciliation Agreement (the "agreement") as a condition of her employment.  (Doc. 11 at 2, Ex. A) The agreement provides that "if any dispute or controversy arises out of or is related to this agreement and is not resolved in private meetings between the parties . . . then the dispute or controversy will be settled by Biblically based mediation and if necessary,

legally binding arbitration, in accordance with the Rules of Procedure for Christian

Conciliation . . . of the Association of Christian Conciliation Services." (Doc. 11, Ex. A)

The defendants contend that the Federal Arbitration Act ("FAA") requires enforcement

of the agreement.  (Doc. 11 at 5-6)  In the plaintiff's view, the FAA does not apply.

   Federal policy favors arbitration over litigation.  Seaboard Coast Line R. Co. v.

Trailer Train Co., 690 F.2d 1343, 1348 (11th Cir. 1982).  Federal policy requires a broad

construction of an arbitration agreement, resolving any doubt in favor of arbitration.  See

Seaboard Coast Line R. Co., 690 F.3d at 1348.

   The plaintiff argues (Doc. 12 at 3-5) that the defendants have failed to

demonstrate that the agreement substantially relates to interstate commerce.  The FAA

applies to any contract "evidencing a transaction involving [interstate] commerce."

9 U.S.C. § 2; see also Jenkins v. First Am. Cash Advance of Ga., LLC, 400 F.3d 868,

874 (11th Cir. 2005).  "The Supreme Court has interpreted the term 'involving

commerce' in the FAA as the functional equivalent of the more familiar term 'affecting

commerce'-words of art that ordinarily signal the broadest permissible exercise of

Congress' Commerce Clause power." Caley v. Gulfstream Aerospace Corp., 428 F.3d

1359, 1370 (11th Cir. 2005) (internal quotation marks omitted).  Because Teen

Challenge's overall employment practice affects commerce, the Commerce Clause

requirement is satisfied.  See Caley, 428 F. 3d at 1370.

   The plaintiff next argues (Doc. 12 at 6-7) that the agreement fails to cover the

FLSA claim.  The agreement provides that "the undersigned parties . . . enter into this

agreement as an essential condition of employment with Teen Challenge." (Doc. 11,

Ex. A)  The agreement further provides that, "if any dispute or controversy arises out of

or is related to this agreement and is not resolved in private meetings between the

parties," mediation and, if necessary, arbitration will follow.  (Doc. 11, Ex. A)  The

agreement clearly encompasses any employment-related dispute, including the FLSA

claim.

The plaintiff finally argues that the agreement impermissibly limits the plaintiff's

ability to obtain attorney's fees as a prevailing party.  (Doc. 12 at 7-9)  Neither the

agreement nor the Rules of Procedure for Christian Conciliation prevent the plaintiff

from receiving attorney's fees if she prevails.  Mere speculation that the plaintiff will not

receive attorney's fees is insufficient to invalidate the agreement.  See Musnick v. King

Motor Co. of Fort Lauderdale, 325 F.3d 1255 (11th Cir. 2003) (citing Green Tree Fin.

Corp.-Ala. v. Randolph, 531 U.S. 79, 121 S. Ct. 513 (2000)).  The defendants' motion

(Doc. 11) to compel arbitration and to stay the proceeding is **GRANTED**.  The Clerk is

directed to **ADMINISTRATIVELY CLOSE** the case.

ORDERED in Tampa, Florida, on April 24, 2008.

_____

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE